IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SYNETHIA L. WALKER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:13cv675-MHT |
| | ) | (WO) |
| THE HOUSING AUTHORITY FOR | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, | ) | |
| | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| JANET DeCRENY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:13cv846-MHT |
| | ) | |
| THE HOUSING AUTHORITY FOR | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, and SHANELL | ) | |
| HARDWICK, | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION

The court is asked whether the EEOC intake
questionnaire (doc. no. 125) should be let in.
Although the court did not let it in earlier on a

notice theory, plaintiffs now claim it should be let in as a prior consistent statement to show that plaintiff DeCreny had complained about color discrimination during her employment in contrast to defense counsel's suggestions otherwise during cross-examination. Defendants maintain that their questioning about DeCreny's complaint about discrimination based on color was limited to complaints within DeCreny's notes/diary (doc. no. 118) and that the EEOC intake questionnaire is unrelated. The court agrees with plaintiffs and will let the intake questionnaire into evidence to show prior consistent statements.

## I.   Background

From January to April 2013, DeCreny kept written entries in a word document (doc. no. 118) about events "concerning" to her about her employment. The document includes 12 entries, which cover a range of topics. In these entries, DeCreny notes her conflicts with defendant Hardwick, including that Hardwick was

2

"aggressive, unpleasant, and overbearing."  Despite the complaints about Hardwick, the document never discusses color discrimination.

Defense counsel brought this out on cross-examination.  He asked about this document, and DeCreny eventually admitted that the events on the list were things of concern to her.  He then emphasized that race did not appear once.  The key exchange is:

> "Q.  Okay.  Have you looked at [document] 118 to see whether the mention of color, race, appears anywhere in here?
>
> "A.  No.
>
> "Q.  Do you have a feeling whether it does or not?
>
> "A.  No.
>
> "Q.  In fact, it doesn't appear anywhere in here, does it?
>
> "A.  I just said I don't have a feeling.
>
> "Q.  You don't know one way or the other?
>
> "A.  No.
>
> "Q.  Okay.  See if you can find all

3

those words that you used yesterday?

"A.   No, I don't see those exact
words.

"Q.  And would you tell the jury how
many   pages   that   single   spaced
memorandum is?

"A.    It's a number of different
entries.

"Q. No. Pages. Ma'am. Pages. I'm
sorry if I said entries, I apologize.

"A.  No, you didn't.  Eight, nine.

"Q.   Eight and a half.  Eight and a
half pages, [single spaced] not one
mention of any color harassment I'm
finished.  Thank you."

Plaintiffs now move to admit DeCreny's EEOC intake
questionnaire as a prior consistent statement to rebut
this cross-examination.


## II.  Discussion

Under Federal Rule of Evidence 801(d)(1)(B), a
statement is not hearsay where "the declarant testifies
and is subject to cross-examination about a prior
statement, and the statement: is consistent with the

4

declarant's testimony and is offered (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground."   "The impeaching attack may be an express charge, such as directly accusing the witness of lying, bias, or improper influence or motive. Alternatively, impeachment may be in the form of an implied charge, such as relying on underlying facts or innuendo to demonstrate the recent fabrication or improper influence or motive." 5 J. Weinstein and M. Berger, Weinstein's Federal Evidence § 801.22[1][b] (2014).  The prior consistent statement has to be made before there is a motive to fabricate. Tome v. United States, 513 U.S. 150, 158-59 (1995).

Here, although defendants' cross-examination was framed around DeCreny's notes (doc. no. 118), defendants were clearly implying that DeCreny fabricated that there was color discrimination while

5

she was at the Housing Authority after she worked there. In particular, they drew out that there was not one reference to color in an eight page single spaced document that stretched from January 2013 to April 2013. The EEOC intake questionnaire (doc. no. 125), in which DeCreny specifically notes color discrimination, is dated on March 25, 2013. This is within the same period as the notes/diary that DeCreny kept. It refutes the idea that she made up color discrimination after the fact, as implied in the cross-examination, and thus fits within the exception. Cf. Garcia v. Watkins, 604 F.2d 1297, 1298 (10th Cir. 1979) (allowing in evidence of prior consistent statement in a car accident case when defendant implied it had never heard of plaintiff's theory until the lawsuit).

However, it is fair game for defendants to question why (i) DeCreny included these notes about color discrimination in the EEOC complaint but not her notes/diary and (ii) why the first mention is a March 2013 EEOC report--over a month after Walker was fired

and after Walker's March email to the Housing Authority board alleging color discrimination.

DONE, this 25th day of February, 2015.

___ /s/ Myron H. Thompson____
UNITED STATES DISTRICT JUDGE