IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| SYNETHIA L. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:13cv675-MHT |
| | ) | (WO) |
| THE HOUSING AUTHORITY FOR | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |


| | | |
|---|---|---|
| JANET DeCRENY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:13cv846-MHT |
| | ) | (WO) |
| THE HOUSING AUTHORITY FOR | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, and SHANNELL | ) | |
| HARDWICK | ) | |
| | ) | |
| Defendants. | ) | |


JUDGMENT ON PLAINTIFF SYNETHIA L. WALKER'S CLAIMS
AGAINST DEFENDANT HOUSING AUTHORITY
FOR THE CITY OF MONTGOMERY

On the 5th day of March 2015, after this cause had

been submitted to a jury, a verdict was returned as

follows:

## I.   Liability

Do you find from a preponderance of the evidence:

### Title VII Color Discrimination

1. That Ms. Walker's color was a motivating factor that prompted the Montgomery Housing Authority to take an adverse employment action against Ms. Walker?

       Answer Yes or No       NO

    If your answer is "No," this ends your deliberations on the issue of color discrimination, and you should continue to Question No. 3. If your answer is "Yes," go to the next question.

2. That the Montgomery Housing Authority would have taken an adverse employment action against Ms. Walker even if the Montgomery Housing Authority had not taken Ms. Walker's color into account?

      Answer Yes or No       --

    If your answer is "Yes," this ends your deliberations on the issue of color discrimination, and you should continue to the next issue. If your answer is "No," then consider this in the damages section.

### Title VII Color Harassment

3. That Ms. Walker proved her color harassment claim against the Montgomery Housing Authority?

2

Answer Yes or No          _____NO_____

If your answer is "No," this ends your deliberations on color harassment.  If your answer is "Yes," consider this in the damages section.

## Title VII retaliation

4. That Ms. Walker proved her Title VII retaliation claim against the Montgomery Housing Authority?

Answer Yes or No          _____YES_____

If your answer is "No," this ends your deliberations on the Title VII retaliation claim.  If your answer is "Yes," consider this in the damages section.

## FLSA Overtime Claim

5. That Ms. Walker proved her FLSA failure to pay overtime claim against the Montgomery Housing Authority?

Answer Yes or No          _____NO_____

If your answer is "No," this ends your deliberations on the FLSA overtime claim.  If your answer is "Yes," consider this in the damages section.

## FLSA Retaliation Claim

6. That Ms. Walker proved her FLSA retaliation claim against the Montgomery Housing Authority?

3

Answer Yes or No       _____YES_____

If your answer is "No," this ends your deliberations on the FLSA retaliation claim. If your answer is "Yes," consider this in the damages section.

## II.   <u>Damages</u>

Do you find from a preponderance of the evidence:

1. That Ms. Walker should be able to recover compensatory damages for emotional suffering and mental anguish under one or more of her Title VII or FLSA claims?

Answer Yes or No       _____YES_____

If your answer is "Yes,"
in what amount?       $ 50,000.00

2. That Ms. Walker should be able to recover compensatory damages for backpay under one or more of her color discrimination, Title VII retaliation, FLSA claims?

Answer Yes or No       _____YES_____

If your answer is "Yes,"
in what amount?       $ 16,000.00

3. That Ms. Walker should be able to recover her overtime pay under the FLSA?

Answer Yes or No       _____NO_____

4

If your answer is "Yes,"
in what amount?          $ --

    If you awarded damages under Questions No.
2 or 3 for FLSA violations, then go to Question
No. 4.  If not, your deliberations are over for
Ms. Walker.  Please sign and date this form.

    4. That the Montgomery Housing Authority
knew or showed reckless disregard for whether
the FLSA prohibited its conduct?

    Answer Yes or No        YES

SO SAY WE ALL.
 /s/ E Flynn
Foreperson's Signature   DATE:   3/5/15

It is therefore the ORDER, JUDGMENT, and DECREE of

the court, based on the verdict (doc. no. 92), that:

(1) Judgment is entered in favor of plaintiff

Synethia L. Walker and against defendant Housing

Authority for the City of Montgomery.

(2) Plaintiff Walker shall have and recover from

defendant Montgomery Housing Authority the sum of

$ 50,000 in compensatory damages for emotional

suffering and mental anguish.

5

(3) Plaintiff Walker shall have and recover from defendant Montgomery Housing Authority $ 16,000 in compensatory damages for backpay.

It is further ORDERED that, the parties having agreed in open court at trial, without waiving other objections, that liquidated damages apply to only backpay in this case, plaintiff Walker is allowed until March 26, 2015, to file a motion, with accompanying brief, for liquidated damages.

It is further ORDERED that, should any statutory caps or other limitations apply to damages, defendant Montgomery Housing Authority is allowed until March 26, 2015, to file a motion, with accompanying brief, seeking a modification to reflect such.

It is further ORDERED that plaintiff Walker is allowed until March 26, 2015, to file a motion, with accompanying brief, for attorney's fees.  In her brief, plaintiff Walker should address the factors articulated in American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423 (11th Cir. 1999); Dillard v. City of

6

<u>Greensboro</u>, 213 F.3d 1347 (11th Cir. 2000); <u>Norman v.</u> <u>Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988); <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974); <u>Hearn v. General Elec.</u> <u>Co.</u>, 1996 WL 937034 (M.D. Ala. Sept. 12, 1996) (Thompson, J.); <u>Gay Lesbian Bisexual Alliance v.</u> <u>Sessions</u>, 930 F. Supp. 1492 (M.D. Ala. 1996) (Thompson, J.).

It is further ORDERED that costs are taxed against defendant Montgomery Housing Authority, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

These cases are not closed.

DONE, this the 6th day of March, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE