IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SYNETHIA L. WALKER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:13cv675-MHT |
| | ) | (WO) |
| THE HOUSING AUTHORITY FOR | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, | ) | |
| | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| JANET DeCRENY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:13cv846-MHT |
| | ) | (WO) |
| THE HOUSING AUTHORITY FOR | ) | |
| THE CITY OF MONTGOMERY, | ) | |
| ALABAMA, and SHANNELL | ) | |
| HARDWICK | ) | |
| | ) | |
|     Defendants. | ) | |

**JUDGMENT ON PLAINTIFF JANET DeCRENY'S CLAIMS AGAINST
DEFENDANT HOUSING AUTHORITY
FOR THE CITY OF MONTGOMERY**

On the 5th day of March 2015, after this cause had been submitted to a jury, a verdict was returned as follows:

## I. Liability

Do you find from a preponderance of the evidence:

### Title VII Color Discrimination

1. That Ms. DeCreny's color was a motivating factor that prompted the Montgomery Housing Authority to take an adverse employment action against Ms. DeCreny?

    Answer Yes or No    ___NO___

If your answer is "No," this ends your deliberations on the issue of color discrimination, and you should continue to Question No. 3. If your answer is "Yes," go to the next question.

2. That the Montgomery Housing Authority would have taken an adverse employment action against Ms. DeCreny even if the Montgomery Housing Authority had not taken Ms. DeCreny's color into account?

    Answer Yes or No    ___--___

If your answer is "Yes," this ends your deliberations on the issue of color discrimination, and you should continue to the next issue. If your answer is "No," then consider this in the damages section.

Title VII Color Harassment

 3. That Ms. DeCreny proved her color harassment claim against the Montgomery Housing Authority?

 Answer Yes or No    NO

 If your answer is "No," this ends your deliberations on color harassment. If your answer is "Yes," consider this in the damages section.

Title VII retaliation

 4. That Ms. DeCreny proved her Title VII retaliation claim against the Montgomery Housing Authority?

 Answer Yes or No    YES

 If your answer is "No," this ends your deliberations on Title VII retaliation. If your answer is "Yes," consider this in the damages section.
...

## II. Damages

Do you find from a preponderance of the evidence:

 1. That Ms. DeCreny should be able to recover compensatory damages for emotional suffering and mental anguish from the Montgomery Housing Authority for one or more of her Title VII claims?

3

  Answer Yes or No    _____YES_____

If your answer is "Yes,"
in what amount?  $ _100,000.00_

  2. That Ms. DeCreny should be able to recover compensatory damages for backpay from the Montgomery Housing Authority under her color discrimination and/or color retaliation claims?

  Answer Yes or No    _____NO_____

If your answer is "Yes,"
in what amount?  $_____

...

So Say We All.
 _/s/ E Flynn_____
Foreperson's Signature  Date: __3/5/15_____

It is therefore the ORDER, JUDGMENT, and DECREE of the court, based on the verdict (doc. no. 93), that:

(1) Judgment is entered in favor of plaintiff Janet DeCreny and against defendant Housing Authority for the City of Montgomery.

(2) Plaintiff DeCreny shall have and recover from defendant Montgomery Housing Authority the sum of

4

$ 100,000 in compensatory damages for emotional suffering and mental anguish.

It is further ORDERED that, should any statutory caps or other limitations apply to damages, defendant Montgomery Housing Authority is allowed until March 26, 2015, to file a motion, with accompanying brief, seeking a modification to reflect such.

It is further ORDERED that plaintiff DeCreny is allowed until March 26, 2015, to file a motion, with accompanying brief, for attorney's fees.  In her brief, plaintiff DeCreny should address the factors articulated in <u>American Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423 (11th Cir. 1999); <u>Dillard v. City of Greensboro</u>, 213 F.3d 1347 (11th Cir. 2000); <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988); <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974); <u>Hearn v. General Elec. Co.</u>, 1996 WL 937034 (M.D. Ala. Sept. 12, 1996) (Thompson, J.); <u>Gay Lesbian Bisexual Alliance v.</u>

Sessions, 930 F. Supp. 1492 (M.D. Ala. 1996) (Thompson, J.).

It is further ORDERED that costs are taxed against defendant Montgomery Housing Authority, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

These cases are not closed.

DONE, this the 6th day of March, 2015.

                                                /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**